# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| MICHAEL BOWENS, | ) | |
| | ) | |
| Movant, | ) | |
| vs. | ) | No. 1:11-cv-052-WTL-DKL |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |

## Entry Denying Motion for Relief Pursuant to
## 28 U.S.C. ' 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Michael Bowens ("Bowens") for relief pursuant to 28 U.S.C. ' 2255 must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I. The ' 2255 Motion

*Background*

On May 19, 2009, Bowens was charged in a Superseding Indictment with drug offenses. On June 2, 2009, Bowens filed a petition to enter a plea of guilty in 1:08-cr-0171-WTL-KPF-2. That same day, the parties submitted a written plea agreement and a written stipulated factual basis of the parties.

On August 10, 2009, Bowens moved to withdraw the petition to enter a plea and to withdraw from the plea agreement. The court granted this motion on August 14, 2009. On August 31, 2009, Bowens moved to reinstate his petition to enter a plea of guilty and the plea agreement. The court also granted the motion to reinstate the petition to enter a plea of guilty and reinstated the plea agreement.

Paragraph 18 of the plea agreement states that Bowens "expressly waives his right to appeal the conviction and any sentence imposed on any ground, including the right to appeal conferred by 18 U.S.C. § 3742." It further stated that Bowens "expressly agrees not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255."

A change of plea hearing was conducted on September 2, 2009. In response to the questions posed by the court, Bowens testified that he and his attorney had gone over the plea agreement on multiple occasions. (Transcript of Plea Hearing at pp. 6-12). Bowens' attorney read every line to him. *Id.* at p. 6. Bowens and his attorney discussed the agreement with Bowens' brother and with his girlfriend. *Id.* at pp. 10-11. Bowens also reviewed the agreement with at least three other lawyers. *Id.* at pp. 10-11, 53. The court elicited testimony from Bowens concerning his ability to read and comprehend. *Id.* at p. 6. Bowens testified that by signing the petition to enter a plea and the plea agreement it meant that he understood everything contained in those documents before he signed them. *Id.* at pp. 13-14.

During the change of plea hearing, the court discussed paragraph 18 of the plea agreement, the waiver provision. *Id.* at pp. 39-40. Bowens testified that by signing the plea agreement he was giving up his right to appeal his sentence. *Id.* at p. 39. When the court stated that Bowens was also giving up his right to file "writs of habeas corpus and those types of things that might be filed to attack collaterally the sentence and the conviction," Bowens said he did not understand that "last part." *Id.* at p. 40. The court clarified that in addition to giving up his right to appeal, Bowens was also giving up his right to attack his conviction and sentence using other avenues, such as by way of a writ of habeas corpus, "which really asks the Judge to review some irregularities in the proceedings at this level to see if there was something that was done wrong." *Id.* Bowens testified that he understood that. *Id.*

At the end of the change of plea hearing, the court determined that Bowens was "fully competent and capable of entering an informed plea of guilty to Counts I and II." *Id.* at p. 59. The court further concluded that Bowens' pleas of guilty were "knowing and voluntary and did not result from force, threats, or promises, except those promises contained in the plea agreement itself." *Id.*

A sentencing hearing was conducted on January 5, 2010. The court accepted Bowens' plea of guilty to Counts I and II of the Superseding Indictment. The court determined that Bowens' total offense level was 31 and his criminal history category was 2. That resulted in an advisory guidelines imprisonment range of 121 to 151 months. Bowens was sentenced to a term of imprisonment of 121 months on each count, to be served concurrently, to be followed by an aggregate term of supervised release of five years. Judgment was entered on the docket on January 20, 2010. No direct appeal was filed with respect to the disposition of the case.

*Discussion*

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Bowens asserts two claims: 1) he was denied effective assistance of counsel when counsel failed to object to the criminal

history calculation, preventing the court from applying the safety valve to Bowens' sentence calculation; and 2) his Fifth Amendment right to due process was violated when he entered the collateral attack waiver unknowingly and unintelligently, as a direct result of his ineffective assistance of counsel. The United States argues that Bowens' ' 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) the plea agreement was involuntary, 2) the district court relied on a constitutionally impermissible factor such as race, 3) the sentence exceeded the statutory maximum, or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.*; *see also Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of a deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to ' 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver@).

In *Mason,* 211 F.3d at 1069, the court identified the following analysis should be considered in determining whether a claim has been waived: A[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?@

With respect to Bowens' first claim of ineffective assistance of counsel, he urges the court to carve out an exception to the waiver provision for a claim of ineffective assistance of counsel when counsel fails to object to the calculation of criminal history points. Bowens contends that his criminal history score should have been one point instead of two. He argues that the court applied an incorrect criminal history score because it counted a drug abuse offense in Hamilton County, Ohio, that was more than 10 years old. He further asserts that if he had only one criminal history point, he would have been eligible for the "safety valve" of U.S.S.G. § 5C1.2(a), which would have led to a two-level reduction in his total offense level, allowing a sentence at the low end of the applicable range to be 97 months instead of 121 months.

In response to the government's position that this claim of ineffective assistance is barred by the waiver provision in the plea agreement, Bowens argues that the Seventh Circuit caselaw cited by the government is outdated. Bowens' assertion is neither correct nor persuasive. *See Keller,* 657 F.3d at 682 n.4 ("We have generally declined to expand the categorical exception to appeal-and-collateral–review waivers in plea agreements; this has been true even in cases in which the district court clearly miscalculated the defendant's guidelines range."). Indeed, in 2011, the Seventh Circuit affirmed that when a defendant signs a voluntary waiver in his plea agreement, even if the district court incorrectly applied the sentencing guidelines, a reviewing court cannot bypass the waiver and review the defendant's claim. *Id.* at 682, n.5 (citing *United States v. Feichtinger,* 105 F.3d 1188, 1190 (7th Cir. 1997)). "We have repeatedly held that a voluntary and knowing waiver of an appeal is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011)(internal quotation omitted).

Second, Bowens argues that his plea was not knowingly and voluntarily made as a result of ineffective assistance because his attorney did not adequately explain the meaning of the word "waiver." In his reply brief, Bowens asserts that during the change of plea hearing, he "candidly admitted that he believed he understood what the collateral waiver meant. But it turned out he did not understand." (Reply at p. 4). In his affidavit, Bowens states, contrary to how he testified during the plea hearing, that his attorney "did not explain to me what an appeal waiver was, what a collateral waiver was or what the consequences might be for entering these waivers." (Bowens' Affidavit, at ¶14.) Bowens argues that he has a learning disability and that he did not understand the "real world" meaning of a collateral waiver.

The court takes a dim view of Bowens' claim that he did not understand the phrase "collateral waiver." Indeed, that phrase does not even appear in the waiver provision of the plea agreement. The language used could not have been more clear:

> [Bowens] also expressly agrees not to contest his conviction or sentence or seek to modify his sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 28 U.S.C. § 2255."

Moreover, during the change of plea hearing, when Bowens indicated that he did not understand the court when it recited that Bowens was giving up his right to file "writs of habeas corpus and those types of things that might be filed to attack collaterally the sentence and the conviction," the court restated that provision using simpler terms. The court told Bowens that he was giving up his right to ask the judge to review irregularities in the proceedings "to see if there was something that was done wrong." Bowens testified that he understood. The court also discussed with Bowens his difficulty reading and gave Bowens numerous opportunities to ask questions or otherwise let the court know that he did not understand what rights he

was giving up in exchange for the concessions made by the government. To allow Bowens to now contradict his sworn testimony would defeat the very purpose of the plea agreement.

> When a district court conducts a Rule 11 colloquy, it is not putting on a show for the defendant, the public, or anybody else. The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing. Because the court takes a criminal defendant's rights at a change-of-plea hearing very seriously, it is reasonable to expect, and demand, that the criminal defendant do so as well. For that reason, a defendant is normally bound by the representations he makes to a court during the colloquy. Justice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [a defendant] to renege on his representation under oath to the district court. . . .

*Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (internal citations and quotations omitted).

"The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001)(internal quotation omitted). Bowens has not met that burden here.

Bowens has not shown that his plea agreement was not knowingly and voluntarily made. In addition, he has not shown any ineffective assistance of counsel as it relates to his plea agreement. Accordingly, the waiver provision is valid and will be enforced. His ' 2255 motion is barred by the waiver provision.

The foregoing circumstances show that Bowens is not entitled to relief pursuant to 28 U.S.C. ' 2255. The motion for relief pursuant to ' 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:08-cr-171-WTL-KPF-2.

## II. Certificate of Appealability

Bowens requests that the court certify the issue of whether it can legally sever the waiver provision from the "otherwise valid plea agreement." There is no need to seek further guidance on this issue, because since 1999 in *Jones v. United States,* 167 F.3d 1142, 1444-45 (7th Cir.), the Seventh Circuit has repeatedly held that plea waivers are enforced with only limited exceptions, none of which apply in this case. *See Keller*, 657 F.3d at 681.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2255 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Bowens has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 07/08/2012

Distribution:

gerald.coraz@usdoj.gov

jbrandt@robinsonbrandt.com

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana